**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLARUS CORPORATION,<br><br>                                   Plaintiff,<br><br>              -against-<br><br>HAP TRADING, LLC and HARSH A. PADIA,<br><br>                                   Defendants. | Civil Action No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Clarus Corporation ("Clarus"), by and through its attorneys, Kane Kessler, P.C.,

as and for its Complaint against defendants HAP Trading, LLC and Harsh A. Padia (collectively,

"Defendants"), alleges as follows:

## NATURE OF THE CASE

1.      This is a civil action for recovery of short-swing profits under Section 16(b) of the

Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2.      Section 16(b) is a strict liability statute. A plaintiff must prove only that the

Defendants were insiders of a public company having a class of securities registered under

Section 12 of the Act, namely, officers, directors or beneficial owners of more than 10% of such

class of securities, who profited from the purchase and sale, or sale and purchase, of the

company's securities within a period of less than six months. Evidence of the Defendants' intent,

misuse of information, or bad faith is irrelevant and not required. Officers, directors and more

than 10% beneficial owners are simply required to disgorge their "short swing" profits obtained

in violation of the Act.

3.      Defendants were, at all relevant times, from July 29, 2022 to August 31, 2022,

collectively the beneficial owners of more than 10% of Clarus' common stock, which is

registered under Section 12 of the Act, and, upon information and belief, profited from their purchases and sales, or sales and purchases, within a period of less than six months. Defendants must disgorge to Clarus the "short swing" profits from these transactions.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1331.

5.      Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b)(2). Defendant HAP Trading, LLC ("HAP") is a New York limited liability company with offices located within the District and Defendants transact business within this District. At all relevant times, Clarus common stock was traded on the Nasdaq Global Select Market ("Nasdaq"), an exchange headquartered and located within this District. Some or all of the purchases and sales or sales and purchases of securities described herein were executed in ordinary brokerage transactions through Nasdaq.

## THE PARTIES

6.       Clarus is a Delaware corporation with its principal offices located at 2084 East 3900 South, Salt Lake City, Utah 84124. Through its subsidiary and affiliated operating companies, Clarus has built a stellar reputation as a global leader in the design, development, manufacture and distribution of best-in-class outdoor equipment and lifestyle products and apparel focused on the outdoor and consumer enthusiast markets.

7.      During the relevant time period, Clarus operated successful and reputable lines of businesses offering its shareholders significant value and prospects. In its most recent financial disclosures for the quarter ended June 30, 2022, Clarus reported a 57% increase to $114.9 million in its second quarter sales over the comparable period in the prior year, reported

continuing access to a line of credit in the amount of $274.5 million and had a market capitalization of approximately one billion dollars. During this time, Clarus' business prospered and incurred no materially adverse developments, financial setbacks or changes that would impact its business model, quality of its products or prospects. Yet during this same period of time, there transpired highly unusual, irregular and volatile trading in its securities, which caused a precipitous decline in its stock price and a loss of almost half a billion dollars in market capitalization. The Section 16(b) violations alleged herein are especially suspect because they occurred against the backdrop of this unusual trading activity.

8.      Upon information and belief, defendant HAP Trading, LLC ("HAP") is a New York limited liability company with its principal offices located at 395 Hudson Street, 10th Floor, New York, New York 10014. Upon information and belief, HAP is a broker or dealer registered under Section 15 of the Act, 15 U.S.C. 78c.

9.      Upon information and belief, HAP trades securities for its own account and does not hold securities solely for the benefit of third parties or in customer or fiduciary accounts in the ordinary course of business nor do they hold such securities solely incident to the establishment or maintenance by them of a primary or secondary market for such securities.

10.      Upon information and belief, Defendant Harsh A. Padia is a member of HAP and its CEO and controls the management and policies of HAP's Managing Member and is therefore a beneficial owner of the stock owned by HAP.

## STATUTORY REQUISITES

11.      Upon information and belief, the violations of Section 16(b) of the Act described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

3

12.     At all relevant times, the common stock of Clarus was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78l, and was listed for trading on Nasdaq.

13.     This action is brought within two years of the occurrences of the violations described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. § 78p(a), setting forth the substance of the transactions here complained of were first filed with the United States Securities and Exchange Commission ("SEC").

## DEFENDANTS' SHORT SWING TRADING

14.     On September 15, 2022, Defendants filed a Schedule 13G with the SEC indicating that, as of July 29, 2022, they "beneficially owned" a total of 8,167,366 shares of Clarus common stock, amounting to approximately 21.9% of Clarus common stock. (https://www.sec.gov/Archives/edgar/data/913277/000108514622003213/clar_91522.htm)

15.     Thus, as of July 29, 2022, Defendants were beneficial owners of more than 10% of Clarus common stock.

16.     According to the Schedule 13G filed by Defendants, Defendants' beneficial ownership of Clarus common stock as of July 29, 2022 was comprised of 4,294,966 shares of common stock, amounting to approximately 11.5% of Clarus common stock, and 3,872,400 shares of Common Stock underlying call options exercisable within sixty days to acquire 3,872,400 shares of Common Stock, amounting to approximately 10.4% of Clarus' common stock."

17.     Also, on September 15, 2022, Defendants filed an amendment on Schedule 13G/A with the SEC indicating that, as of August 31, 2022, they "beneficially owned" a total of 12,119,159 shares of Clarus common stock, amounting to approximately 32.4% of Clarus common stock, comprised of 285,259 shares of common stock and 11,833,900 shares of

common stock underlying call options exercisable within sixty days to acquire 11,833,900 shares

of common stock."

(https://www.sec.gov/Archives/edgar/data/913277/000108514622003214/clara1.htm)

18.     Thus, as of August 29, 2022, Defendants were beneficial owners of more than

10% of Clarus stock.

19.     Upon information and belief, on the basis of Defendants' Schedule 13G as of July

29, 2022 and Defendants' Schedule 13G/A as of August 31, 2022, Defendants were beneficial

owners of more than 10% of Clarus common stock throughout the period between July 29, 2022

and August 31, 2022.

20.     Upon information and belief, between July 29, 2022 and August 31, 2022,

Defendants purchased and sold, or sold and purchased, shares of Clarus common stock at times

when they were beneficial owners of more than 10% of Clarus stock.

21.     In short, between July 29, 2022, and August 31, 2022, Defendants increased their

ownership of Clarus stock from 21.9% to 32.4%, primarily through the acquisition of call

options, which are deemed to be purchases of Clarus common stock for purposes of Section

16(b). During this same time period, within a period of less than six months, Defendants sold

shares of Clarus common stock to decrease their ownership of actual shares of Clarus common

stock from 4,294,996 shares to 285,259 shares.

22.     The above-referenced purchases and sales or sales and purchases all occurred

within a period of less than six months, and may be matched, using the "lowest in, highest out"

method to calculate short swing profits realized by Defendants.  Upon information and belief,

Defendants realized short-swing profits that are recoverable by Clarus under Section 16(b), in an

amount to be determined at trial.

**FIRST CLAIM**

**(Violation of Section 16(b) of Securities and Exchange Act)**

23.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-22 above, as if fully set forth herein.

24.     At all relevant times, the common stock of Clarus was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78l.

25.     As of July 29, 2022, Defendants were the beneficial owners of more than 10% of the total outstanding common stock of Clarus.

26.     As of August 31, 2022, Defendants were the beneficial owners of more than 10% of the total outstanding common stock of Clarus.

27.     Upon information and belief, Defendants purchased and sold or sold and purchased shares of Clarus common stock between July 29, 2022, and August 31, 2022 while they were the beneficial owners of more than 10% of Clarus' common stock.

28.     Upon information and belief, Defendants profited from the aforementioned transactions using the "lowest in, highest out" method to calculate short swing profits.

29.     Upon information and belief, Defendants traded the securities at issue in part for their own account, had voting and investment power over the securities at issue and a pecuniary interest therein.

30.     Upon information and belief, Defendants did not hold the securities at issue solely for the benefit of third parties or in customer or fiduciary accounts in the ordinary course of business nor did they hold such securities incident to the establishment or maintenance by them of a primary or secondary market for such securities.

31.     By reason of the foregoing, Defendants have violated Section 16(b) and are required to disgorge their short swing profits in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Clarus Corporation demands judgment against Defendants HAP Trading, LLC and Harsh A. Padia, jointly and severally, as follows:

(i)      requiring Defendants to disgorge and return to Plaintiff the short swing profits recoverable under the Act, together with appropriate pre- and post-judgment interest, in an amount to be determined at trial;

(ii)     reasonable attorneys' fees, together with the costs and disbursements incurred in connection with this action; and

(iii)    such other, further and different relief as this Court deems just and proper.

Dated:  New York, New York
        September 23, 2022

Respectfully submitted,

**KANE KESSLER, P.C.**

By: */s/ Jeffrey H. Daichman*
        Jeffrey H. Daichman
        Dana M. Susman
        Jonathan M. Sabin
600 Third Avenue
New York, New York 10016
jdaichman@kanekessler.com
dsusman@kanekessler.com
jsabin@kanekessler.com

*Attorneys for Plaintiff*