**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CLARUS CORPORATION,

                      Plaintiff,

    -against-

HAP TRADING, LLC and HARSH A. PADIA,

                      Defendants.

Civil Action No.:1:22-CV-08132-JPC

---

**STIPULATED [PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

**WHEREAS**, the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive commercial, financial, and business information that the Parties, or any non-party, may need to disclose in connection with discovery in this action;

**WHEREAS**, the Parties have conferred in good faith and have agreed upon the terms of this Stipulated Protective Order ("Protective Order"); and

**WHEREAS**, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that the Parties hereto, along with their representatives, agents, experts, and consultants, and any non-party that produces discovery in this action, shall be entitled to the benefits of and adhere to the following terms regarding documents, data, electronically-stored information ("ESI"), deposition testimony, and other information and tangible items that are produced, made available for inspection, disclosed, or filed in this action:

1. All documents and information produced in this action by any Party or non-Party herein shall be used solely for the purpose of the above-captioned action (*i.e.*, to assert in Court or defend in Court against claims based upon the subject matter of this action), and not for any business, commercial, competitive, personal, publicity, or other purpose; provided, however, that the foregoing shall not apply to documents and information that is or becomes publicly available other than as a result of this action and/or a violation of this Protective Order. Any person subject to this Protective Order who receives from any other person or entity any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action, including, but not limited to, documents, correspondence, ESI, email and/or testimony) that is designated as "Confidential" pursuant to the terms of this Protective Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. Any person or entity producing or disclosing Discovery Material, including Parties and non-parties, ("Producing Party") in connection with this action may designate such material as "Confidential" ("Confidential Information") either by notation on the document, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto.

3. "Receiving Party" shall mean the party to this action receiving Discovery Material.

4. "Previously non-disclosed," in the context of this Protective Order, means Discovery Material that has not been disclosed by the Producing Party (other than to a person or entity under an obligation or duty to treat the information or material confidentially) at any time prior to the production of that Discovery Material in connection with this civil action; no

document, record, or information that is, or previously has been, publicly available (including through publication on the Internet) shall be deemed "previously non-disclosed."

   5. A Producing Party may designate as Confidential all Discovery Material, and all information contained therein, if such Discovery Material contains:

    a. financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sales margins, profit and loss statements, invoices, purchase orders, balance sheets, tax returns, and audited or non-audited financial statements);

    b. information relating to ownership or control of any public or non-public company;

    c. business plans, product-development information, or marketing plans;

    d. Any information regarding customer relationships, including any information which suggests the identity of customers whose customer relationship is confidential;

    e. proprietary business information;

    f. competitively sensitive business information;

    g. information the disclosure of which would, in the good faith judgment of the party designating the material as Confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients;

    h. Any information of a personal or intimate nature regarding any individual; or

    i. Any other category of information given confidential status by this Court after the date of this Protective Order.

6.      Except with the prior written consent of the Producing Party, or by Order of the Court, Discovery Material designated "Confidential" shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person or entity other than the following:

   a.   Personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein, provided such persons have been advised of their obligations hereunder;

   b.   Counsel for the Parties retained specifically for this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   c.   Expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, provided such persons have signed the declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

   d.   Outside vendors providing services necessary to the gathering and production of discovery material and/or to the prosecution or defense of the action, provided such persons have signed the declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

   e.   The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this action or any appeal therefrom;

    f.  Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such persons have signed the declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

    g.  The author or recipient of the Confidential information;

    h.  A witness in the course of a deposition or in preparation for a deposition provided that the witness has signed the declaration in the form annexed hereto attesting to the fact that he or she has read the Protective Order and agrees to be bound by its terms, and/or confirmed their understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record; and

    i.  Any other person agreed to by the parties.

  7.  Notwithstanding Paragraph 6(c) above, material designated as "Confidential" may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this action, provided that such expert or consultant is using said Confidential Information solely in connection with this action.

  8.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the Confidential portion in a manner that will not interfere with legibility or audibility.

  9.  A Producing Party or its counsel may designate deposition exhibits or deposition transcripts (or select portions thereof) as Confidential either by: (a) a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (b) written notice, sent to all Parties within ten (10) days of receipt of the deposition transcript or

other pretrial testimony in which case the reporter and all counsel receiving notice of the designation shall be responsible for appropriately marking the copies of the transcript in their possession or under their control as directed by the designating party. Prior to the ten (10) days following receipt by the examining attorney of a deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

10. Where disclosure of material designated as "Confidential" to experts, consultants, vendors or witnesses is permitted herein (provided such persons have signed the declaration in the form annexed hereto), it shall be the obligation of the Party making such disclosure to obtain the required declaration in advance of the disclosure and to retain the original, executed copy thereof.

11. A party may designate as Confidential subject to this Protective Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as Confidential at any time up to fifteen (15) days after the production to all Parties of copies of those documents by counsel for the party asserting the confidentiality designation. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is produced to all Parties. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such designation is made in a shorter period of time), all such documents shall be treated as Confidential.

12. Extracts and summaries of Confidential Information shall also be treated as Confidential in accordance with the provisions of this Protective Order.

13. Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order and notify the non-party that the protections of this Protective Order are available to such non-party. Confidential Information produced by third parties voluntarily or in response to discovery requests may be governed by the terms of this Protective Order provided the Party or third-party expressly invokes the protections herein and labels or designates information accordingly.

14. Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any privileged material or Confidential Information. Persons having access hereunder to Confidential Information shall use it only for purposes directly related to this action, including appeals, and not, without the prior written consent of the Producing Party or by order of the Court, for any other litigation or proceeding or for any business, commercial, competitive, personal, publicity or other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted uses hereunder. Any party or person receiving and processing Confidential Information must implement measures that ensure an adequate level of protection of Confidential Information, prevent unauthorized access to Confidential Information, and comply with all applicable federal and state laws governing data privacy. For purposes of this paragraph, "processing" means collection, storage, use, revision, disclosure, archiving, and destruction of data.

15. If any Party seeks to file with the Court any Confidential Information in connection with any pleadings, motions, or other papers (collectively, "papers"), upon the filing deadline for such papers and instead of publicly filing the papers, that party shall follow the instructions provided for in Section 4 of the Individual Rules and Practices in Civil Cases of this

Court. If redacting such papers is not reasonably practicable, the filing party may file the cover page and/or a description of the papers in lieu of a redacted version thereof.

16. All materials, or portions thereof, filed pursuant to Paragraph 15 shall be released from confidential treatment by the Clerk of Court only upon further order of this Court or consent of the Parties.

17. If any third party (including a governmental agency) subpoenas, requests, or moves to compel disclosure by a Receiving Party (including any person to whom a receiving party discloses Confidential Information) of any Confidential Information, or if any Receiving Party is otherwise requested or required (by oral questions, interrogatories, request for information or documents, civil investigative demand or similar process) to disclose any Confidential Information, such receiving party shall (a) if practicable give notice to counsel for the Producing Party via electronic mail not more than three (3) days after the Receiving Party receives such subpoena or other discovery request, and which notice shall include or attach a complete copy of the subpoena or other discovery request or (b), to the extent this is not practicable, shall give notice to counsel for the Producing Party as soon as practicable pursuant to the terms hereof; provided, however, that there shall be no obligation to provide notice of such subpoena or other discovery request where such notice is prohibited by subpoena, regulation, court order, or operation of law.  The Producing Party may seek an appropriate protective order, object to such subpoena, oppose such motion, or take such other action as it deems necessary to protect its interest, at its discretion.  No Receiving Party shall disclose Confidential Information in response to a subpoena or other discovery request before the date required by the terms thereof or by applicable law.  If, failing the entry of a protective order, a Receiving Party is compelled to

disclose Confidential Information, that receiving party may, without liability hereunder, disclose such portion of the Confidential Information as it is so compelled to disclose.

18. In the event that any Receiving Party disagrees with the designation of any document or materials as "Confidential" as designated, the Receiving Party or its counsel shall within 30 days of receipt of the document or materials advise the designating party or its counsel in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within five (5) business days of receiving this written objection, the designating party shall advise whether the "Confidential" designation will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court. During the pendency of any such application to the Court, the designated document or material shall continue to be treated as "Confidential" as designated, subject to the provisions of this Protective Order. If the dispute is not presented to the Court for resolution, such documents or materials shall continue to be treated as Confidential subject to the provisions of this Protective Order.

19. Discovery Material may be designated Confidential at any time after it has been produced. A Producing Party may notify the Receiving Party that documents or materials that should have been withheld as privileged, or designated as Confidential, were inadvertently produced or produced without the appropriate designation within a reasonable time following the discovery that the Discovery Material was inadvertently produced or produced without the appropriate designation. Upon receiving such notice, the Receiving Party shall (a) immediately treat the document as if it had been so designated; (b) place the appropriate designation on the document within two (2) business days of receipt of such notice; and (c) with respect to allegedly privileged documents, return all copies thereof unless there is a good faith basis upon which to

challenge the invocation of privilege, in which case the Receiving Party may retain no more than a single copy thereof for the sole purpose of seeking, within a reasonable time and through an in camera review or other means designated to preserve the privilege pending a ruling, to have the Court determine whether a privilege properly attaches to the document.  The inadvertent production of any privileged or Confidential Information shall be without prejudice to any claim that such material is privileged, Confidential, or Confidential from disclosure, and the Producing Party shall not be held to have waived any rights by such inadvertent production. The Parties intend for this paragraph to be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

20. Entering into this Protective Order, agreeing to and/or producing or receiving Discovery Material, or otherwise complying with the terms of this Protective Order, shall not:

a. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery or (ii) object to the production of documents or information it considers not subject to discovery;

b. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Materials;

c. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Information;

d. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Information or (ii) seek a determination by the Court whether any Confidential Information should be subject to the terms of this Protective Order;

   e. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

   f. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

   g. Preclude any Party from objecting to discovery that it believes to be otherwise improper;

   h. Operate as a waiver of any attorney-client, work product, or any other privilege;

   i. Prejudice in any way any Party's rights to assert attorney-client privilege or attorney work-product protection over any inadvertently produced materials.

  21. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including the exhaustion of all possible appeals, all persons having received Confidential Information shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Information, and certify to that fact in writing to counsel for the Producing Party.  However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Information), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential Information) to any person except

pursuant to a court order or agreement by the Producing Party or except as otherwise required by law.

22. The provisions of this Protective Order and the obligation to maintain the confidentiality of the Confidential Information produced hereunder, absent written permission or further order of the Court, shall survive and continue to be binding after the conclusion of this action. This Court shall retain jurisdiction over the Parties to the extent necessary to enforce said obligation.

Dated: New York, New York
February 28, 2023

| **KANE KESSLER, P.C.** | **PAUL HASTINGS LLP** |
|---|---|
| By: */s/ Jonathan M. Sabin*<br>Jeffrey H. Daichman<br>Dana M. Susman<br>Jonathan M. Sabin<br>600 Third Avenue<br>New York, New York 10016<br>(212) 541-6222 | By: */s/ Kevin P. Broughel*<br>Kevin P. Broughel<br>John P. Nowak<br>Zachary S. Zwillinger<br>200 Park Ave<br>New York, New York 10166<br>(212) 318-6000 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

Dated: March 2, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLARUS CORPORATION,<br><br>                    Plaintiff,<br><br>        -against-<br><br>HAP TRADING, LLC and HARSH A. PADIA,<br><br>                    Defendants. | Civil Action No.:1:22-CV-08132-JPC |

**Declaration of Agreement with Protective Order**

The undersigned hereby declares and affirms under penalty of perjury under the laws of the United States of America, on the date set forth below, that he or she has read, understands, and agrees to be bound by each of the terms contained in the Stipulated Protective Order Governing the Exchange of Confidential Information (the "Protective Order") and entered in the United States District Court for the Southern District of New York in the above-captioned action. Specifically, and without limitation, the undersigned agrees not to use or disclose any information made available to him or her other than in strict compliance with the Protective Order, and to submit to the jurisdiction of the Southern District of New York for purposes of enforcing the Protective Order.

Dated: _____          By: _____

                                       Print Name: _____