```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CLARUS CORPORATION,                                                    :
                                                                       :
                              Plaintiff,                               :
                                                                       :     22 Civ. 8132 (JPC)
              -v-                                                      :
                                                                       :     ORDER
HAP TRADING, LLC et al.,                                               :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Defendants moved to stay this case on March 29, 2023, arguing that a recent decision by the U.S. District Court for the Eastern District of New York in *Packer ex rel. 1-800 Flowers.com, Inc. v. Raging Capital Management*, No. 15 Civ. 5933 (JMW), 2023 WL 2484442 (E.D.N.Y. Mar. 13, 2023), and the pending appeal of that decision, have created "significant uncertainty regarding whether Clarus has standing to maintain this action," Dkt. 43 at 3. Applying the U.S. Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the court in *Packer* held that a plaintiff bringing claims under section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), as Plaintiff does here, Dkt. 1 at 6, lacks standing to bring such claims when they assert only the violation of section 16(b) itself as their injury. *Packer*, 2023 WL 2484442, at *10. Plaintiff objects to a stay, arguing that it has asserted more than a mere statutory injury, and thus even an affirmance of *Packer* would not be dispositive, and further that it would face substantial prejudice from a stay. Dkt. 46.

In determining whether to grant a stay, courts in this District consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the

defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). Defendants argue that the *Kappel* factors weigh in favor of a stay because "any delay in the proceedings is outweighed by the conservation of judicial and party resources for a case that may be mooted for lack of Article III constitutional standing." Dkt. 43.

The Court determines that a stay pending resolution of the appeal in *Packer* would not be appropriate in this case. Defendants' arguments rest on the premise that a Second Circuit decision in *Packer* may entirely resolve this litigation. But the parties here dispute whether Plaintiff has alleged an injury beyond a pure statutory violation of section 16(b) and so dispute whether such a decision would be dispositive. For instance, Plaintiff points to the allegation in its Complaint that "there transpired highly unusual, irregular and volatile trading in its securities, which caused a precipitous decline in its stock price and a loss of almost half a billion dollars in market capitalization." Dkt. 46 at 2 (quoting Dkt. 1 ¶ 7) (alteration removed). Given that it is not clear that the Second Circuit's decision in *Packer* would necessarily determine whether Plaintiff has standing to bring this action, a stay in this matter—rather than conserve party and judicial resources—may result in considerable delay of these proceedings for no benefit at all. Therefore, the Court denies Defendants' request. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 43.

SO ORDERED.

Dated: April 11, 2023
New York, New York

                                                           _____
                                                           JOHN P. CRONAN
                                                           United States District Judge