

> The Court has reviewed the parties' submissions regarding Defendants' anticipated motions and has determined that Defendants should brief the motion to strike along with their other two motions. The Court sets the parties' proposed briefing schedule on Defendants' motion to strike, *Daubert* motion, and summary judgment motion: Defendants shall file their motions on May 9, 2024, Plaintiff shall file opposition on July 9, 2024, and Defendants shall file any reply by August 9, 2024. The Clerk of Court is respectfully directed to close Docket Numbers 81 and 82.
>
> SO ORDERED.
> Date: March 18, 2024
> New York, New York
>
> _____
> JOHN P. CRONAN
> United States District Judge

March 13, 2024

By ECF and E-Mail

The Honorable John P. Cronan
United States District Judge, Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007-1312

Re:   *Clarus Corp. v. HAP Trading, LLC, et al.,* No. 1:22-cv-08132-JPC (S.D.N.Y.)

Dear Judge Cronan:

The undersigned represent Plaintiff Clarus Corporation ("Plaintiff") and Defendants HAP Trading, LLC ("HAP") and Harsh A. Padia ("Mr. Padia," and with HAP, "Defendants") in the above-captioned litigation. Pursuant to the Civil Case Management Plan and Scheduling Order entered on January 9, 2023 (Dkt. 35), as amended by the court's February 7, 2024 Order (Dkt. 79), the parties respectfully submit this joint status letter.

I.   <u>Whether the parties request a referral to the assigned Magistrate Judge for a settlement conference or to the Court-annexed mediation program.</u>

   **A.**   **Plaintiff's Position:** Plaintiff does not believe that a settlement conference or mediation would be productive at this time.

   **B.**   **Defendants' Position:** Defendants are amenable to a private mediation among the parties, or if not, would consent to a referral to the assigned Magistrate Judge for a settlement conference.

II.   <u>Whether any party plans to file a post-discovery motion, the anticipated grounds for any such motion, and the opposing party's anticipated grounds for opposing the motion.</u>

   **A.**   **Plaintiff's Motions**

      1.   *Plaintiff's Position*: Plaintiff does not plan to file a summary judgment motion at this time. Plaintiff's research and review of the relevant facts and law is ongoing. Accordingly, Plaintiff reserves the right to make appropriate pre-trial motions, including motions *in limine* to exclude evidence and testimony, in accordance with the Court's Individual Rules and the Local Rules.

      2.   *Defendants' Response:* None.



### B. Defendants' Motions

1. *Defendants' Position*

Defendants intend to file a motion for summary judgment on various grounds, including that (1) this court lacks federal subject matter jurisdiction over Plaintiff's Section 16(b) claim because Plaintiff has failed to demonstrate that it has suffered a concrete harm under Article III of the U.S. Constitution; (2) Plaintiff is not entitled to recover any short swing profits because all of HAP's transactions in Plaintiff's securities were "arbitrage transactions" that are exempt from the statute under Section 16(e); and (3) Plaintiff is not entitled to recover any short swing profits because all of HAP's transactions were made in "the ordinary course of [its] business and incident to the establishment or maintenance by [HAP] of a primary or secondary market (otherwise than on a national securities exchange or an exchange exempted from registration under section 78e of this title) for such security" under Section 16(d).

Defendants also intend to file a *Daubert* motion to exclude the three expert reports and preclude the trial testimony of Plaintiff's expert, Charles R. Lundelius, on various grounds, including that (1) Mr. Lundelius' short swing profit calculations are unreliable; (2) Mr. Lundelius' methodology was flawed; (3) Mr. Lundelius' errors demonstrate that he lacks the expertise to provide the opinions stated in his reports; and (4) Mr. Lundelius' opinion that HAP's transactions in Clarus securities were not arbitrage transactions under *Falco v. Donner Found., Inc.*, 208 F.2d 600 (2d Cir. 1953) must be excluded because it constitutes impermissible legal opinions outside the scope of his stated expertise.

Defendants' research and consideration of the arguments they will raise in their motion for summary judgment and *Daubert* motion are ongoing, and Defendants reserve the right to include or exclude arguments not listed here in their final motions.

Separately, pursuant to Paragraph 5.C of Your Honor's Individual Rules and Practices in Civil Cases, Defendants will shortly file a letter-motion to exclude Mr. Lundelius's reports and testimony due to multiple violations of the Federal Rules of Civil Procedure governing expert discovery, including among others, that (1) Mr. Lundelius' expert reports do not contain a complete statement of Mr. Lundelius's opinions regarding his short swing profits calculations and the basis and reasons for those opinions; and (2) Mr. Lundelius failed to disclose all of the facts and data he considered in forming his opinions.

2. *Plaintiff's Response*:

There is no basis for dismissal based on lack of Article III standing as Courts within this District have uniformly held that *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) did not abrogate the Second Circuit's decision in *Donoghue v. Bulldog Investors Gen. Partnership*, 696 F.3d 170 (2d Cir. 2012). Defendants' arbitrage and "market-maker" affirmative defenses present



questions of fact that cannot be decided on summary judgment. There is no basis to exclude the expert testimony of Mr. Lundelius under FRE 702 or *Daubert*.

Defendants' proposed letter-motion to exclude the expert reports and testimony is procedurally improper. The proposed letter-motion does not pertain to discovery – which has closed – and is therefore not governed by Individual Rule 5.C. Rather, the proposed letter-motion pertains to the *admissibility* of Mr. Lundelius' expert report and testimony, which should be brought as a motion *in limine*. Defendants should not get two bites at the apple – a letter motion to exclude, followed by a motion *in limine* seeking the identical relief. On the merits, Defendants' contention that Mr. Lundelius failed to provide a "complete statement" of his opinions or the basis therefore is incorrect.

### C. Proposed Schedule

The parties jointly propose the following schedule for the briefing of Defendants' motion for summary judgment and *Daubert* motion.

| | |
|---|---|
| Opening Motions: | May 9, 2024 |
| Oppositions: | July 9, 2024 |
| Replies: | August 9, 2024 |

Defendants propose that briefing on Defendants' Paragraph 5.C letter-motion proceed as provided in that rule. Plaintiff maintains that discovery is closed, there is no basis for a letter-motion pursuant to Individual Rule 5.C and that the relief sought in the letter-motion can be included in Defendants' *Daubert* motion.

\*\*\*

Respectfully Submitted,

| | |
|---|---|
| KANE KESSLER, P.C. | PAUL HASTINGS LLP |
| /s/ *Jeffrey H. Daichman* | /s/ *Jennifer L. Conn* |
| Jeffrey H. Daichman | Jennifer L. Conn |
| Dana M. Susman | Zachary S. Zwillinger |
| Jonathan M. Sabin | 200 Park Avenue |
| 600 Third Avenue | New York, NY 10166 |
| New York, NY 10016 | Telephone: 1(212)318-6000 |
| Telephone: 1(212) 541-6222 | jenniferconn@paulhastings.com |
| jdaichman@kanekessler.com | zacharyzwillinger@paulhastings.com |
| dsusman@kanekessler.com | |
| jsabin@kanekessler.com | |
| | *Attorneys for Defendants HAP Trading,* |
| *Attorneys for Plaintiff Clarus Corporation* | *LLC and Harsh A. Padia* |